20-482-cr
United States v. McFadden

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-one.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.

MARQUEZ MCFADDEN, AKA BUG OUT,          No. 20-482-cr

*Defendant-Appellant.*\*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: DANIEL M. PEREZ, Law Offices of Daniel M. Perez, Newton, NJ

FOR APPELLEE: JOSHUA A. NAFTALIS, Assistant United States Attorney (Andrea M. Griswold, Thomas Mckay, Assistant United States Attorneys, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Markquez McFadden appeals from a judgment of conviction entered by the District Court (Stein, J.) following a jury trial in which he was found guilty of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and using, carrying, and possessing a firearm, which was brandished, during and in relation to the Hobbs Act robbery, in violation of 18

U.S.C. § 924(c)(1)(A).  McFadden was initially sentenced principally to a term of imprisonment of 120 months and a 5-year term of supervised release.  Following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), McFadden moved to vacate his § 924(c) conviction and to remand the case for resentencing, and the motion was granted.  The District Court resentenced McFadden principally to a term of imprisonment of 108 months and a 3-year term of supervised release.  On appeal, McFadden challenges his new sentence as procedurally and substantively unreasonable.  We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

    1.  Procedural Reasonableness

    We review questions of law as to the operation of the Sentencing Guidelines de novo and findings of fact for clear error.  See United States v. Vasquez, 389 F.3d 65, 68 (2d Cir. 2004).  "When . . . credibility determinations are at issue, we give particularly strong deference to a district court finding."  United States v. Murphy, 703 F.3d 182, 189 (2d Cir. 2012).

    McFadden argues that the District Court improperly applied a six-level

enhancement under § 2B3.1(b)(2)(B) of the Guidelines because the record does not support a finding that he put a gun in the victim's mouth during the robbery. We disagree. At trial, the victim testified that McFadden put a gun in her mouth and threatened to kill her, and another witness testified that, soon afterward, he witnessed McFadden physically restrain this victim with his "gun out." App'x at 94. The victim's testimony was enough to support the District Court's factual finding, and we see no basis to question the District Court's credibility determination even though it determined that other portions of the victim's testimony — primarily relating to her alleged participation in an illegal gambling operation — were untrue. See United States v. Norman, 776 F.3d 67, 78 (2d Cir. 2015). We note, too, that at the resentencing hearing McFadden had ample opportunity to challenge the finding as a basis for the enhancement.

2. Substantive Reasonableness

We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted). McFadden argues that his

4

sentence was substantively unreasonable primarily because the District Court failed to account for mitigating factors or to properly consider sentencing disparities between McFadden and his co-defendants. We are not persuaded. In imposing a below-Guidelines sentence, the District Court adequately considered several mitigating factors in McFadden's favor, such as his age, the support of his family, and his remorse. And the District Court was not required to consider sentencing disparities between co-defendants. See United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008). For these reasons, we reject McFadden's argument that his 108-month sentence was substantively unreasonable.

We have considered McFadden's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court